UNITED STATES of America

v.

John Lewis ENGLISH, Appellant.

No. 17246.

United States Court of Appeals Third Circuit.

Argued Feb. 3, 1969.

Decided April 22, 1969.

J. Michael Doherty, Meyer, Darragh, Buckler, Bebenek & Eck, Pittsburgh, Pa., for appellant.

W. Wendell Stanton, Asst. U. S. Atty., Pittsburgh, Pa., Gustave Diamond, U. S. Atty., Pittsburgh, Pa., on the brief), for appellee.

Before KALODNER, GANEY and SEITZ, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

The appellant, John Lewis English, appeals his conviction by a jury of knowingly transporting a woman in interstate commerce for the purpose of prostitution, debauchery, and other immoral purposes in violation of 18 U.S.C.A. § 2421, the Mann Act.

Appellant urges that the district court erred in refusing to adequately instruct the jury that no presumption arises against the appellant from his failure to testify. The district court instructed the jury that "every defendant in every criminal case * * * is presumed to be innocent of crime", that the "presumption of innocence * * * is alone sufficient to acquit a defendant" and that a "defendant may rely on evidence brought out in cross examination of witnesses for the government." Further, the court instructed that "The law never imposes upon a defendant in a criminal action any burden or duty of producing any evidence." Notwithstanding these instructions, appellant's counsel, at side

bar, excepted to the charge on the ground, inter alia, that it did not include a specific instruction on the effect of appellant's failure to take the stand in his own defense. The court declined to supplement the charge, and the jury then retired to consider its verdict.

Preliminarily, we note that counsel's exception to the charge, although no requests for charge were submitted, was sufficient to preserve the error for assignment on appeal. Rule 30, Federal Rules of Criminal Procedure, see 8 Moore's Federal Practice, Para. 30.03 [1].

A defendant tried in the courts of the United States who elects not to testify is entitled as a matter of right to have the jury instructed that he need not take the stand and that no presumption arises from his failure to do so. 18 U.S.C.A. § 3481; Bruno v. United States, 308 U.S. 287, 60 S.Ct. 198, 84 L.Ed. 257 (1939). This right is not in any way diminished where, as here, there is but one defendant.

Inasmuch as the appellant did not testify at his trial, the narrow issue for determination here is whether defendant's right was protected by the instructions given.

Although the district court's instructions fully and fairly advise the jury of the presumption of innocence with which a defendant is clothed at a criminal trial, we cannot say that the instructions reach the point on which the appellant requested an instruction. The instructions impermissibly left the jury free to speculate on the effect of the defendant's silence. Further, we note that in declining to give the requested instruction the district court observed:

> "I think that to call the jury's attention to the fact that he didn't testify only emphasizes in their minds the prejudice that they may get from his not testifying."

Whether or not the district court's evaluation was correct, "Congress legislated on a contrary assumption" from which the courts are not free to depart. Bru-

no v. United States, supra, 308 U.S. p. 294, 60 S.Ct., p. 200.

Appellant's second point also relates to the court's charge. The appellant complains that the court committed reversible error when it mischaracterized the testimony of one of the government witnesses as that of an accomplice. While error, we need not consider its significance since we have ruled that a new trial is required.

The judgment of the district court will be reversed and a new trial granted.